CHARLES A. HALLGRING, PLAINTIFF, v. BOARD OF COM-
MISSIONERS OF THE CITY OF NEWARK, NEW JER-
SEY, DEFENDANT.

Superior Court of New Jersey
Law Division

Decided March 11, 1953.

*Mr. Andrew J. Brady, Jr.,* attorney for plaintiff.

*Mr. Charles Handler,* attorney for defendant (*Mr. Thomas M. Kane,* appearing).

COLIE, J. S. C.   The complaint in lieu of prerogative writ discloses that Charles A. Hallgring has been employed in the Department of Health of the City of Newark since 1904. On September 8, 1951 he was chief inspector in the Plumbing Division with an annual salary of $4,800.   On the same date he had accumulated 594 days of unused sick leave under *R. S.* 11:24*A*–3.   On August 21, 1951 plaintiff took a sick leave on the advice of his physician, who wrote the Department of Health as follows:

"I have been observing Mr. C. A. Hallgring for the past 4 to 5 years and recently he is having a number of complaints that are troublesome.
1. Asthmatic bronchitis.
2. Dizziness and unsteadiness.
3. Painful joints, especially the right elbow and left shoulder.
4. Loss of weight.
5. Arteriosclerotic heart disease with moderate anoxia.
I feel that he had better take a rest until some of these things have improved before returning to work."

On August 22, 1951 the Commissioners of the City of Newark passed a resolution which reads:

"WHEREAS, Charles A. Hallgring, employed as Chief Inspector, Plumbing Division of the Bureau of Health, Department of Public Affairs, is of the age of 75 years, and has been *continuously* employed by the City for a period of 47 years; and,

WHEREAS, the aforesaid employee is a member of the Newark Board of Health Pension Fund Association, as provided for by *R. S.* 43:18–1 *et seq.*; and

WHEREAS, the Director of the Department of Public Affairs certified as to aforesaid age and employment, as by the departmental records shown, and that the said employee by reason of *advanced age* is found unfit for the performance of his duties, and as by the said statute provided, shall be retired; now, therefore, be it

RESOLVED, By the Board of Commissioners of the City of Newark, that the aforesaid employee, Charles A. Hallgring, be and he is hereby found unfit for the performance of his duties as such employee, by reason of his advanced age, and as by said statute provided, *R. S.* 43:18–1 *et seq.*, is hereby retired from his employment, as aforesaid, effective September 8, 1951, on pension to be paid by and from the fund of the Newark Board of Health Pension Fund Association, of which he is a member; and, it is hereby directed that the City Clerk forward to the Trustees of the said Newark Board of Health Pension Fund Association a certified copy of this resolution for their action as by the statute provided."

Plaintiff asserts: (1) that his removal from the position of chief inspector was unlawful; (2) that the aforesaid resolution was illegal and unlawful; (3) that the municipality was without authority to designate his retirement under *R. S.* 43:18–1 and asks that he be reinstated and paid his full salary to date.

*R. S.* 43:18–15 (III):

"Any employee * * * who shall have served therein for twenty-five years continuously, and who is a member of said pension fund corporation and who has paid all the dues and assessments * * * and who shall have attained the age of fifty-five years, * * * who, by reason of advanced age is found unfit for the performance of his duties, shall be retired by the * * * department of health * * * and * * * shall receive from such pension fund an amount equal to one-half the average salary * * * for the last two years of his employment."

Plaintiff argues that the municipality could not legally retire him while on sick leave and while he had un-

used accumulated sick leave because he had a vested interest in his accumulated sick leave. In *Fanll v. City of Newark*, 11 *N. J.* 429 (1953) it was held that one cannot legally be an employee and a pensioner at the same time and that *R. S.* 11:24A–3 relates only to an employee. Plaintiff also contends that the municipality acted illegally in certifying "that the said employee by reason of *advanced age* is found unfit for the performance of his duties." The municipality purported to retire the plaintiff involuntarily under *R. S.* 43:18–1. The applicable section thereof, *R. S.* 43:18–15(III) has been quoted earlier in this opinion. The significant language is "* * * such employee, * * * who, by reason of advanced age is found unfit for the performance of his duties * * *." The participle "found," in the sense used in the statute, means to ascertain by judicial inquiry; to ascertain by search, study or effort of some kind. 36 *C. J. S.* 765. "To 'find,' in the meaning of the law, is to ascertain by judicial inquiry." *State v. Bulkeley,* 61 *Conn.* 287, 23 *A.* 186 (*Sup. Ct.* 1892). Dr. Crossfield's letter is insufficient to support a finding that plaintiff is "unfit for the performance of his duties." The contrary is implicit in the concluding paragraph. The fact that the municipality might have retired the plaintiff under *R. S.* 43:12–1 without the necessity of finding him unfit to perform his duties does not, in my opinion, alter the situation. The municipality elected which statute it would proceed under and it should be held to the requirements that flow from its election. The defendant urges that the statute be construed liberally in its favor but there is nothing to construe since the language is clear and unambiguous.

The resolution of August 22, 1951 is declared illegal and of no effect.